## LAVIS v. CONSUMERS' BREWING CO. et al.

### (Circuit Court, E. D. Pennsylvania. March 1, 1901.)

### No. 18.

1. RECEIVERS—PROCEEDINGS AGAINST—CROSS BILL.

That an instrument entitled as in a cause in which a receiver was appointed for the defendant is improperly designated as a cross bill, the sole defendant named in it being the receiver, who was not a party to the original suit, is immaterial; it not being denied that the complainants in the so-called cross bill have an interest entitling them to ask, as they therein do, the judgment and order of the court respecting the proposed conduct of its receiver.

2. FEDERAL COURTS—JURISDICTION—RECEIVERS.

A federal court has jurisdiction of a proceeding by the parties interested in a corporation for which it has appointed a receiver to enjoin him, on obtaining his discharge, from making use of the knowledge of the corporation's business acquired by him in his office of receiver, by engaging in competition with it, or the successor to its business, though all the parties to the proceeding are citizens of the state; but under such conditions it cannot inquire into any contractual obligations of his not to enter into such competition.

Greenwald & Mayer and John G. Johnson, for demurrant.
Hampton L. Carson and Richard C. Dale, for defendant.

DALLAS, Circuit Judge. This case was recently before the court on the petition of Henry Hess, receiver of the Consumers' Brewing Company, for leave to withdraw from that office. The petition stated no reason for his desire to be discharged, but the "reorganization committee" filed an answer, in which, among other things, it was alleged that "he proposed to acquire other brewery property, and to engage in business in competition with the business of the Consumers' Brewing Company"; and his right to do this was denied upon two grounds: First, because he was bound by contract not to do so; and, second, because his engagement in such competitive business would be violative of the duty devolved upon him by his acceptance of the receivership. To this answer a replication was filed, which set forth in detail several matters that need not now be referred to, and in which it was denied that any agreement had been made which precluded him from engaging in the brewing business, and which also averred that it "would be contrary to equity and good conscience" not to permit him "to retire from the situation of receiver, and engage in such undertaking as to him might seem fit and proper." On these pleadings the matter was brought to a hearing, and, pending the argument, I suggested that the application for discharge should stand over, to afford those opposing it an opportunity to institute such independent proceeding as might be advised to have both of the questions presented by the answer to the petition properly adjudicated. This suggestion appeared to be acquiesced in, and no further action was then taken; but nothing was indicated as to the nature or form of the independent suit which it was anticipated would ensue, and the question of jurisdiction, presently to be considered, was not alluded to by counsel, and did not present itself

to the mind of the court. A cross bill (entitled as in this case) was subsequently filed between the Consumers' Brewing Company and the Fidelity Insurance, Trust & Safe-Deposit Company, complainants, and Henry Hess, defendant, wherein it is prayed:

"(1) That an injunction issue, special until hearing, and perpetual thereafter, enjoining the said Henry Hess, upon his discharge from the office and duty of receiver, from soliciting the custom of, or in any manner dealing with, the customers of the Consumers' Brewing Company with whom he has dealt as receiver of said company, in competition with the Consumers' Brewing Company, or in competition with any person or corporation which may hereafter be organized to conduct the business at the six breweries heretofore owned and operated by the Consumers' Brewing Company. (2) General relief."

This bill has been demurred to upon the ground that it appears therein that all the parties thereto are citizens of the state of Pennsylvania. This statement of fact is true, and the question is whether this court is, in consequence, without jurisdiction in the premises. I am of opinion that this "cross bill" is not technically appropriate. The sole defendant named in it was not a party to the original suit, nor does it relate to any subject which was involved in that suit, or seek any relief or discovery affecting it. Daniell, Ch. Prac. *1548; Story, Eq. Pl. *389. But I regard this objection as one concerning form, rather than substance, and, in the present instance, as of no practical importance. It is not denied that the parties complainant have an interest which entitles them to ask the judgment and order of the court respecting the proposed conduct of its receiver, and the name they have given to the paper which they have filed to that end is not material. The cross bill contains substantially the same allegations and averments as were contained in the answer to the receiver's petition for discharge. It concludes thus:

"Your orators further show that said Henry Hess has filed a petition in your honorable court praying to be discharged from the office of receiver, and, they are informed, upon his discharge proposes at once to enter upon a competitive business, and will seek to induce former customers of the Consumers' Brewing Company to deal with him, and to cease their purchases of beer from the Consumers' Brewing Company; wherefore your orators, because they are without adequate remedy at law, and show to your honorable court that it is contrary to good conscience and equity that an officer of your honorable court should use the information and business relationship which have been established, maintained, and perpetuated as an officer of your court with the customers of the Consumers' Brewing Company to the disadvantage of said corporation, and to his own personal advantage, come into your honorable court, and crave equitable relief as follows,"— the prayers being as hereinbefore quoted.

I am of opinion that the matter thus presented is one of which this court should not refuse to take cognizance. Its jurisdiction respecting it is not dependent upon the citizenship of the parties, but results from its power and duty to supervise and control the conduct of its receiver in all matters affecting the interests confided to his care, and to avoid relieving him from his trust, where, by so doing, those interests might be injuriously affected. High, Rec. § 838. Accordingly, the cross bill will, if desired, be retained as sufficiently invoking the particular inquiry suggested, but upon the merits of which no opinion is now intimated. I, however, do not think that

the contractual rights or liabilities of Mr. Hess are determinable in this suit. Standing alone, this court would have no jurisdiction to pass upon them, and it cannot be empowered to do so by including them in a proceeding whose only permissible object is to have the receiver restrained from violating his duty as such. The two subjects are quite distinct, and the defendant is entitled to insist that they shall not be confounded, and his contractual obligations be determined by a tribunal which has not been vested with authority to do so. It follows from what has been said that the demurrer, which goes to the whole bill, must be overruled, with leave to the receiver to answer, but that jurisdiction respecting any question arising under any contract or agreement of any person or persons with the defendant Hess must be declined; and it is so ordered.